# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Shenzhen JollySun Technology Co., Ltd. d/b/a "Jolly-Sun" and shenzhenouyingkejiyouxiangongsi d/b/a "Auzins-", <br><br> Plaintiffs, <br><br> v. <br><br> ERIK JOSEPH DIEDRICHSEN and RIVERBEND RESOURCES INC., <br><br> Defendants. | Case No. 1:26-cv-9396 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Shenzhen JollySun Technology Co., Ltd. d/b/a "Jolly-Sun" and shenzhenouyingkejiyouxiangongsi d/b/a "Auzins-" (collectively, "Plaintiffs") file this Complaint against Defendants Erik Joseph Diedrichsen and Riverbend Resources Inc. (collectively, "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Act, 35 U.S.C. § 1 et seq., and under the law of Illinois.

2. Plaintiffs seek declarations that U.S. Patent No. 12,419,280 B2 (the "'280 Patent") is not infringed by Plaintiffs' poultry feeder port products, that the '280 Patent is invalid, and that the '280 Patent is unenforceable, together with relief for Defendants' tortious interference with Plaintiffs' business. A true and correct copy of the '280 Patent is attached hereto as **Exhibit 1**.

1

3. An actual controversy exists between Plaintiffs and Defendants. On or around July 23, 2026, Defendants caused Amazon to remove six of Plaintiffs' Amazon product listings (the "Accused Products") by submitting an Amazon patent infringement complaint asserting the '280 Patent (Amazon Complaint ID 21282787271). The Accused Products are identified by ASINs B0GWZTG1L7, B0GWZY9JHJ, B0GWZTV1RC, B0DNXGNBYB, B0DQDDSMW6, and B0DST2Q1DZ. Amazon's delisting notices are attached hereto as **Exhibit 2**.

4. The assertion cannot be reconciled with the claims of Defendants' own patents. Claim 1 of the '280 Patent requires "external threading on the tubular body between the collar and the exit portion." On every Accused Product, the external threading lies on the entry side of the flange that bears against the container wall — the opposite of the arrangement claim 1 requires — and the New Model products have no collar protruding around the tubular body at all. Defendants know the difference: Defendant Erik Joseph Diedrichsen separately claimed the entry-side arrangement in U.S. Patent No. 12,642,252 B1 (the "'252 Patent"), whose claim 1 recites threading "between the collar and the entry portion" and whose dependent claims 17 and 18 recite the two positions as distinct alternatives. Had the '280 Patent already covered the entry-side arrangement, those claims of the '252 Patent would be redundant. A true and correct copy of the '252 Patent is attached hereto as **Exhibit 3**.

## THE PARTIES

5. Plaintiff Shenzhen JollySun Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with a place of business at Unit 210, Building C, No. 17 Yongxiang East Road, Ma'antang Community, Bantian Street, Longgang District, Shenzhen, China. It sells on Amazon.com under the storefront "Jolly-Sun" (Seller ID A3KVJUJELLUHW6).

2

6. Plaintiff shenzhenouyingkejiyouxiangongsi is a company organized under the laws of the People's Republic of China, with a place of business at Unit 219, Building C, No. 17 Yongxiang East Road, Ma'antang Community, Bantian Street, Longgang District, Shenzhen, China. It sells on Amazon.com under the storefront "Auzins-" (Seller ID A35CQDE7OXW1LG).

7. Upon information and belief, Defendant Erik Joseph Diedrichsen is an individual residing in West Bridgewater, Massachusetts, and is the named inventor and owner of record of the '280 Patent.

8. Upon information and belief, Defendant Riverbend Resources Inc. is a Massachusetts corporation which markets poultry feeder products under the brand "Poultry Pro Feeder," and to which certain patents in the family have been assigned or licensed.

9. Upon information and belief, the address of Defendant Riverbend Resources Inc.'s principal place of business is 45 River Street, West Bridgewater, MA 02379.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, and under 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

11. An actual, substantial and justiciable controversy exists between the parties. Defendants have affirmatively asserted the '280 Patent against Plaintiffs' Amazon listings through Amazon's intellectual property complaint procedure. Defendant's submission of the Amazon complaint caused the removal of Plaintiffs' six listings, a requirement from Amazon that Plaintiffs remove the affected inventory from Amazon's fulfillment centers, and the recording of violations against Plaintiffs' seller accounts. Plaintiffs contend that the Accused Products do not infringe the '280 Patent and that the '280 Patent is invalid.

12. This Court may exercise personal jurisdiction over Defendants consistent with the Illinois long-arm statute and federal due process because Defendants have repeatedly and purposefully directed patent enforcement activities to this District, and the present controversy arises out of and relates to those activities.

13. Defendants jointly invoked this Court's jurisdiction as named plaintiffs in at least three prior patent enforcement actions in this District: *Diedrichsen v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associates Identified On Schedule A*, Case No. 1:24-cv-02773; *Diedrichsen v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associates Identified On Schedule A*, Case No. 1:25-cv-05219; and *Diedrichsen v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associates Identified On Schedule A*, Case No. 1:25-cv-10403.

14. Those actions concerned closely related ornamental designs for poultry feeder ports, including U.S. Design Patent Nos. D1,014,867 and D1,021,277, the very design applications identified in the cross-reference and related-application disclosures of the '280 Patent.

15. Plaintiffs identify the continuity and cross-reference records solely to describe the relationship among Defendants' prior enforcement activities, products and technologies. Plaintiffs do not admit that any claim of the '280 Patent is entitled under 35 U.S.C. § 120 to the benefit of the filing date of U.S. Design Application No. 29/735,857 or of any other earlier application, and reserve all challenges to the asserted priority and continuity chain.

16. Plaintiffs have offered and sold the Accused Products to customers in Illinois. Removal of the listings has terminated, and threatens Plaintiffs' ability to resume, sales to Illinois consumers.

17. Defendants knew or reasonably should have known that their Amazon complaint would suppress nationwide Amazon listings used to sell the Accused Products to Illinois consumers.

18. This controversy therefore arises out of and relates to Defendants' Illinois enforcement activities and to the present Amazon complaint and its disruption of Illinois commerce.

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the controversy, including Defendants' related judicial enforcement activities and the commercial effects of the present enforcement, occurred and are continuing to occur in this District.

## FACTUAL BACKGROUND

### A. The '280 Patent and the '252 Patent Claim Opposite Arrangements

20. The '280 Patent, entitled "Feeder Port," was filed on March 17, 2025, and was issued on September 23, 2025. Claims 1 and 12 are the only independent claims. *See* **Exhibit 1**.

21. Claim 1 of the '280 Patent requires:

A feeder port with a tubular body including:

a tubular body including:

an internal cavity that extends through the tubular body, wherein the tubular body has a first base and a second base;

an entry portion at the first base of the tubular body with an outwardly flared lip that provides access into the internal cavity of the tubular body, and

an exit portion that is perpendicular to the second base configured to provide a downward facing exit out of the internal cavity of the tubular body, wherein the internal cavity extends from the entry portion to the exit portion;

a collar that protrudes around the tubular body between the entry portion and the exit portion; and

external threading on the tubular body between the collar and the exit portion, wherein the external threading is configured to receive a bushing.

*See* **Exhibit 1**.

22. Claim 12 of the '280 Patent requires:

A feeder port with a trough including:

a trough, wherein the feeder port is detachably coupled to the trough which contains an aperture to receive the feeder port;

the feeder port including:

a tubular body including:

an internal cavity that extends through the tubular body, wherein the tubular body has a first base and a second base;

an entry portion at the first base of the tubular body with an outwardly flared lip that provides access into the internal cavity of the tubular body, and

an exit portion that is perpendicular to the second base configured to provide a downward facing exit out of the internal cavity of the tubular body, wherein the internal cavity extends from the entry portion to the exit portion;

a collar that protrudes around the tubular body between the entry portion and the exit portion; and

external threading on the tubular body between the collar and the exit portion, wherein the external threading is configured to receive a bushing.

*See* **Exhibit 1**.

23. Claim 12 adds a trough to the limitations of claim 1; the other limitations are the same.

24. The '252 Patent, entitled "Feeder Port," was filed on August 21, 2025, and issued on June 2, 2026, naming the same inventor. Claim 1 of the '252 Patent recites "external threading on the tubular body between the collar and the entry portion." Dependent claims 17 and 18 of the '252 Patent recite, respectively, threading "between the collar and the exit portion" and threading "between the collar and the entry portion." *See* **Exhibit 3**.



Fig. 1 - the '280 Patent and the '252 Patent claim opposite arrangements

7

25. Defendant Erik Joseph Diedrichsen therefore drafted and prosecuted claims directed to each of the two possible threading positions, and treated them as distinct.

**B. Plaintiffs' Products Have the Entry-Side Arrangement**

26. Plaintiffs sell two designs of poultry feeder port, each sold together with a galvanized steel feed container. The "New Model" listings are ASINs B0GWZTG1L7 and B0GWZY9JHJ (Auzins-) and B0GWZTV1RC (Jolly-Sun). The "Old Model" listings are ASINs B0DNXGNBYB, B0DQDDSMW6 and B0DST2Q1DZ (Jolly-Sun).

27. Plaintiffs' New Model products lack "a collar that protrudes around the tubular body," as required by claims 1 and 12 of the '280 Patent. On the Old Model, an annular flange bears against the container wall between the external threading and the exit end. Assuming arguendo that this flange is the claimed collar, and assuming arguendo that the New Model products meet that limitation at all, the external threading and the lock ring on each Accused Product nonetheless lie on the entry side of that structure, outside the container — not between the collar and the exit portion, as claims 1 and 12 require. No Accused Product has external threading between the collar and the exit portion. *See* Figs. 2-7 below.

8



Fig. 2 - exploded view of the New Model products

Fig. 3 - Top view of the New Model product assembled on the feeding box



Fig. 4 - New Model products' external threading lies on the entry side of the flange bearing against the container wall



Fig. 5 - exploded view of the Old Model products



Fig. 6 - Top view of the Old Model product assembled on the feeding box



Fig. 7 - Old Model products' external threading lies on the entry side of the flange bearing against the container wall

28. The New Model additionally lacks the "outwardly flared lip" required by claims 1 and 12 of the '280 Patent. Its tubular body is a cylindrical threaded neck whose entry opening is of constant diameter; the pentagonal housing that forms the outer body is an enclosure wall and not a lip of the tubular body.



'280 Patent, FIG. 1
Entry portion with an outwardly flared lip (115) — the tubular body itself widens at the entry.

New Model — exploded view
The threaded neck (the tubular body) has a plain cylindrical entry of uniform diameter; nothing on the body flares outward.

Fig. 8 - "outwardly flared lip" is absent from the New Model

29. The New Model further lacks "a collar that protrudes around the tubular body," as required by claims 1 and 12 of the '280 Patent.

**C. Defendants' Bad-Faith Enforcement and the Resulting Harm to Plaintiffs**

30. On or around July 23, 2026, Amazon notified Plaintiffs that listings had been removed on the basis of a patent infringement complaint submitted by the rights owner "Poultry Pro Feeder" (erik@riverbendresources.com), identifying the '280 Patent and Amazon Complaint ID 21282787271. The notice identified no asserted claim of the '280 Patent and offered no comparison of any claim to any product. *See* **Exhibit 2**.

31. All six listings became unavailable for sale on July 23, 2026. Amazon further required Plaintiffs to remove the affected FBA inventory, and recorded a violation against each Plaintiff's Account Health, which may remain for up to 180 days and may lead to account deactivation. *See* **Exhibit 2**.

32. Plaintiffs have suffered and continue to suffer lost sales, loss of organic search ranking and accumulated customer reviews, exposure to account-level enforcement, and the costs of removing and re-warehousing inventory.

33. On or around August 3, 2026, Plaintiffs' counsel sent Defendants written notice demanding that Defendants withdraw Amazon Complaint ID 21282787271 and identifying the non-infringement grounds described above. As of the filing of this Complaint, Defendants have neither withdrawn the Amazon Complaint nor responded to Plaintiffs' demand. *See* **Exhibit 10**.

34. Defendants have engaged in a pattern of enforcement of this patent family against Amazon sellers. At least two other sellers have filed declaratory judgment actions in this District concerning patents in the same family: *Lekele (Guangzhou) Technology Co., Ltd. v. Diedrichsen*, No. 1:26-cv-08474, and *Dailyfarm Equipment Co., Ltd. v. Diedrichsen*, No. 1:26-cv-08546.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '280 PATENT

35. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

36. Infringement requires that an accused product embody every limitation of an asserted claim. No Accused Product infringes the '280 Patent. The Old Model products lack the threading limitation of claims 1 and 12: assuming arguendo that the annular flange bearing against the container wall is the claimed collar, the external threading lies on its entry side,

13

outside the container — not between the collar and the exit portion, as the claims require. The New Model products lack that same limitation and, in addition, lack a collar that protrudes around the tubular body and an outwardly flared lip on the tubular body. *See* Figs. 2-8 above. The absence of any one limitation is dispositive. The grounds stated above are not exhaustive: Plaintiffs identify these limitations without conceding that the Accused Products meet any other limitation of any claim of the '280 Patent, and without waiving any additional ground of non-infringement, which Plaintiffs will set forth in their non-infringement contentions under Local Patent Rule 2.3.

37. The "external threading on the tubular body between the collar and the exit portion" cannot be read contrary to its plain meaning so as to cover the entry-side arrangement. Defendant Diedrichsen claimed that opposite arrangement separately in the '252 Patent. *See* Fig. 1 above. A limitation cannot be construed to cover the very configuration the patentee elected to claim elsewhere.

38. Plaintiffs are therefore entitled to a declaration under 28 U.S.C. § 2201 that the Accused Products do not infringe any claim of the '280 Patent, literally or under the doctrine of equivalents.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '280 PATENT**

39. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

40. The '280 Patent issued from an application filed March 17, 2025 as a continuation-in-part of a chain of design applications originating with U.S. Design Application No. 29/735,857, filed May 26, 2020 (now U.S. Design Patent No. D1,014,867). *See* **Exhibit 1**. A true

and correct copy of U.S. Design Patent No. D1,014,867 ("the D'867 Patent") is attached hereto as **Exhibit 4**.

41. In the figures of the D'867 Patent, the collar, the threaded region and the bushing appear only in broken lines, and flange-like elements appear on both sides of the threaded region. Those figures do not convey possession of the claimed relationship between the collar, the threading and the exit portion, as 35 U.S.C. §§ 112(a) and 120 require. Defendants' own conduct confirms the indeterminacy: from the same disclosure they claimed both threading positions in the '280 Patent and the '252 Patent.



Fig. 9 - Figures from the D'867 Patent

42. The '280 Patent is therefore not entitled to the May 26, 2020 priority date, and its effective filing date is March 17, 2025.

43. If the priority date of the '280 Patent is March 17, 2025, it is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103 by, among other references, the following prior art alone and in combination, together with the knowledge of a person of ordinary skill in

the art at the time of the invention: Defendants' own product offered for sale on Amazon under ASIN B08QYVXQ7Y, which Amazon records as first available in December 2020 (*see* **Exhibit 5**); Defendants' own product video "Poultry Pro Feeder — Features & Benefits," published November 25, 2020 (URL: https://vimeo.com/483620135?embedded=true&source=vimeo_logo&owner=127895136) and cited on the face of D1,014,867; a product offered for sale on Amazon under Plaintiffs' brand Tgeyd with ASIN B0BKKD86X1, which Amazon records as first available in October 2022 (*see* **Exhibit 6**).

44. Even assuming arguendo that the priority date of the '280 Patent is May 26, 2020, it is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103 by, among other references, the following prior art alone and in combination, together with the knowledge of a person of ordinary skill in the art at the time of the invention: U.S. Patent No. 3,531,142; U.S. Patent No. 5,884,810; U.S. Patent No. 6,863,024; U.S. Pub. No. 2008/0210707; U.S. Pub. No. 2011/0031740; U.S. Pub. No. 2017/0248257; U.S. Pub. No. 2013/0263789; RentACoop's product offered for sale on Amazon under ASIN B07R5VV739, first available no later than December 24, 2019 (*see* **Exhibit 7**); RentACoop's product offered for sale on Amazon under ASIN B016047Q5G, first available no later than October 30, 2016 (*see* **Exhibit 8**); Youtube video "RentACoop Port Feeder Training" (URL: https://www.youtube.com/watch?v=xUS94MdyoPg), published on May 29, 2019; Youtube video "DIY Feeder Instructions - Make your own chicken feeder DIY from scratch" (URL: https://www.youtube.com/watch?v=QVvdh98WCFg), published on June 4, 2018; Outus's product offered for sale on Amazon under ASIN B07XRGNXWL, which Amazon records as first available in September 9, 2019 (*see* **Exhibit 9**).

16

45. Plaintiffs are therefore entitled to a declaration that the '280 Patent is invalid.

**COUNT III**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '280 PATENT**

46. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

47. The '280 Patent is unenforceable due to inequitable conduct committed during its prosecution before the United States Patent and Trademark Office. On information and belief, Defendant Erik Joseph Diedrichsen knew of, and withheld from the USPTO, material prior art bearing on the patentability of the claims of the '280 Patent, including Defendants' own product offered for sale under ASIN B08QYVXQ7Y and the other prior art patents, publications and product listings identified in Count II above.

48. Specifically, during prosecution of Defendants' own related design patents, including the D'867 Patent, the USPTO examiner cited — and Defendants thereby knew of — a third-party YouTube video published October 21, 2018, which predates even the May 26, 2020 design application from which the '280 Patent claims priority, and third-party poultry-feeder design patents that issued thereafter: U.S. Design Patent Nos. D957,751 (issued July 12, 2022), D960,464 (issued August 9, 2022) and D973,973 (issued December 27, 2022). The '280 Patent issued from a continuation-in-part application, and the claims of a continuation-in-part are entitled to a parent application's filing date only as to subject matter the parent discloses; entitlement to the May 26, 2020 date is a determination for the Office, and not one an applicant may resolve in its own favor by withholding the references that bear on it. *See* 37 C.F.R. § 1.56(e). Defendants disclosed none of those references in prosecuting the application that issued as the '280 Patent, which issued citing only four references, none of which discloses a collar-and-threaded-bushing mounting through a container wall.

17

49. Each of these references was material because it was not cumulative of information already before the examiner and, alone or in combination with other prior art, establishes a prima facie case of unpatentability of one or more claims of the '280 Patent, as alleged in Count II above.

50. On information and belief, Defendant Erik Joseph Diedrichsen was aware of the prior art identified above and withheld them from the USPTO with the intent to deceive the USPTO into issuing the '280 Patent.

51. Defendants' bad-faith enforcement of the '280 Patent further demonstrates Defendants' inequitable conduct. Defendants submitted the Amazon Complaint notwithstanding the absence of any good-faith basis to assert the '280 Patent against the Accused Products, as alleged in Count I above, and notwithstanding the '280 Patent's vulnerability to invalidation by prior art known to Defendants, as alleged in Count II above. On or around August 3, 2026, Plaintiffs' counsel sent Defendants written notice demanding withdrawal of Amazon Complaint ID 21282787271 and identifying the non-infringement grounds set forth herein. As of the filing of this Complaint, Defendants have neither withdrawn the Amazon Complaint nor responded to Plaintiffs' demand.

52. Defendants' continued assertion of the '280 Patent, despite actual notice of its invalidity and of Plaintiffs' non-infringement, constitutes bad-faith enforcement of the patent and further evidences Defendants' inequitable conduct.

53. Plaintiffs are therefore entitled to a declaration under 28 U.S.C. § 2201 that the '280 Patent is unenforceable.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT

54. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

55. Plaintiffs each have a valid and enforceable contract with Amazon — the Amazon Services Business Solutions Agreement — under which Plaintiffs list and sell products on Amazon.

56. Defendants knew of those contractual relationships; the Amazon complaint they submitted identified Plaintiffs' storefronts and ASINs.

57. Defendants intentionally and without justification induced Amazon to suspend performance by submitting an Amazon patent infringement complaint that, on the face of Defendants' own patents, cannot be supported. Amazon removed the accused listings, required removal of inventory, and recorded violations against Plaintiffs' accounts. Defendants' Amazon complaint was objectively baseless: no reasonable patent holder could realistically expect to establish infringement of claims whose threading limitation recites the opposite of the Accused Products' arrangement. Defendants also acted in subjective bad faith: having separately claimed the entry-side arrangement in the '252 Patent, Defendants knew the two arrangements are distinct and asserted the '280 Patent against products they knew embody the arrangement that the '280 Patent does not claim.

58. Defendants' refusal to withdraw the Amazon complaint despite Plaintiffs' August 3, 2026 written demand, described above, confirms that Defendants' interference was intentional and without justification.

59. As a direct consequence of Defendants' wrongful Amazon complaint, Plaintiffs have been damaged in an amount to be proven at trial.

**COUNT V**

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

60. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

61. Plaintiffs have a reasonable expectation of continuing to sell the Accused Products to consumers through Amazon.

62. Defendants knew of that expectancy and purposefully interfered with it by submitting the bad faith Amazon complaint described above, defeating Plaintiffs' expectancy.

63. Defendants' refusal to withdraw the complaint after receiving Plaintiffs' August 3, 2026 written demand further demonstrates the purposeful and unjustified nature of Defendants' interference.

64. As a direct consequence of Defendants' wrongful Amazon complaint, Plaintiffs have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Declare that Plaintiffs' Accused Products do not infringe any claim of the '280 Patent;

B.      Declare that the '280 Patent is invalid;

C.      Declare that the '280 Patent is unenforceable;

D.      Order Defendants to withdraw Amazon Complaint ID 21282787271 and any related complaint directed to the Accused Products, and to take all steps necessary to secure their reinstatement;

E.      Enter temporary, preliminary and permanent injunctive relief restraining Defendants from asserting the '280 Patent against Plaintiffs' Accused Products before Amazon or any other online marketplace;

F.      Award damages for tortious interference;

G.      Award Plaintiffs exemplary and punitive damages where appropriate under applicable law;

H.      Find this an exceptional case and award attorneys' fees under 35 U.S.C. § 285;

I.      Award Plaintiffs' costs incurred in this action; and

J.      Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 6, 2026

Respectfully submitted,

*/s/ Hongchang Deng*
Hongchang Deng
California State Bar No. 354529
LawMay P.C.
2108 N St., Ste. 9124
Sacramento, CA 95816
Tel.: 267-888-8281
rdeng@lawmayus.com

Yi Yi
California Bar No. 353482
LawMay P.C.
2108 N St., Ste. 9124
Sacramento, CA 95816
Tel: 747-241-3130
yiyi@lawmayus.com

21

Aoyu Yang
Cal. Bar No. 360674
Rm 802 & 803, Excellence Times Square
Phase I
No. 4068 Yitian Rd., Futian District
Shenzhen, China, 518000
Tel: +86 18806658849
aoyuyangzw@gmail.com

*Attorneys for Plaintiffs*
Shenzhen JollySun Technology Co., Ltd.
d/b/a "Jolly-Sun" and
shenzhenouyingkejiyouxiangongsi d/b/a
"Auzins-"

22